IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–02568–MSK–KMT

TYLER CROW,

    Plaintiff,

v.

BOULDER COUNTY, COLORADO,
BOULDER COUNTY SHERIFF'S OFFICE,
JOHN AND JANE DOES, whose true names are unknown, Boulder County Jail guards and deputies, individually,
DR. JEREMIAH KAPLAN, individually, and
JOHN AND JANE DOES, whose true names are unknown, Boulder County Jail nurses, individually,

    Defendants.

## ORDER

This matter is before the court on the "Joint Motion to Stay" (Doc. No. 35 ["Mot."], filed January 26, 2016).

Plaintiff brings this action under 42 U.S.C. § 1983.  In his Complaint, Plaintiff alleges that he slipped and fell while incarcerated at the Boulder County Jail resulting in fractures to bones in his foot and ligament damage.  He contends the medical care he received following his fall was constitutionally inadequate in violation of the Fourteenth Amendment.  Additionally, he asserts a state law claim of negligence.  (*See generally* Doc. No. 1.)  Defendants Boulder County, Colorado, Boulder County Sheriff's Office, and John and Jane Does have moved to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6).  (Doc. No. 33.)  Defendant Dr. Jeremiah

Kaplan anticipates filing a Motion to Dismiss on or before February 12, 2016. (Mot. at 1.) The parties now move for a stay of these proceedings pending rulings on the Motions to Dismiss.

Although a stay of proceedings is generally disfavored, the court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07–cv–00267–EWN–MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District.") (citation omitted); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2040, at 521–22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation omitted).

When exercising its discretion, the court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

As to the first and second *String Cheese* factors, because both parties move for a stay of discovery, there is no prejudice that will result from the stay. With regard to the third factor, it is certainly more convenient for the court to grant the stay until it is clear to what extent the case will proceed. *See Chavous*, 201 F.R.D. at 5 (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). Here, the pending motions to dismiss will resolve all issues in this case, if they are granted. Thus, the third factor weighs in favor of granting a stay.

With regard to the fourth factor, no nonparties with significant particularized interests in this case have been identified. The court therefore finds that absent any specific nonparty interests that would be affected, the fourth factor neither weighs in favor of nor against granting a stay. Finally, with regard to the fifth factor, the court finds that the public's primary interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the court clearly serves this interest. Thus, the fifth factor weighs in favor of granting a stay.

Weighing the relevant factors, the court finds that a stay of proceedings is warranted in light of the pending and anticipated Motions to Dismiss.

Therefore, it is

**ORDERED** that the "Joint Motion to Stay" (Doc. No. 35) is **GRANTED**. The case is stayed with the exception of the briefing on the pending and anticipated Motions to Dismiss. The parties shall file a status report within ten days of the final ruling on the Motions to Dismiss to advise if the previously vacated Scheduling Conference should be reset.

Dated this 1st day of February, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge